WILLIAM D. HYSLOP, United States Attorney
DEREK T. TAYLOR, Assistant United States Attorney
United States Attorney's Office
Eastern District of Washington
920 West Riverside Avenue, Suite 340
P.O. Box 1494, Spokane WA 99201
Tel: (509) 835-6319; Fax: (509) 835-6397
E-mail: DTaylor4@usa.doj.gov

JEAN E. WILLIAMS, Deputy Assistant Attorney General
MICHELLE M. SPATZ, Trial Attorney
Wildlife & Marine Resources Section
EMMA HAMILTON, Trial Attorney
Natural Resources Section
U.S. Department of Justice
Environment & Natural Resources Division
P.O. Box 7611, Ben Franklin Station
Washington, D.C. 20044-7611
Tel: (202) 598-9741 (Spatz); (202) 305-0479 (Hamilton)
Fax: (202) 305-0275 (Spatz); (202) 305-0506 (Hamilton)
E-mail: michelle.spatz@usdoj.gov; emma.hamilton@usdoj.gov

SHAUN M. PETTIGREW, Trial Attorney
Natural Resources Section
c/o NOAA, Damage Assessment
7600 Sand Point Way, NE
Seattle, WA 98115
Phone: (206) 526-6881
shaun.pettigrew@usdoj.gov

*Attorneys for Federal Defendants*

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WILDEARTH GUARDIANS, WESTERN WATERSHEDS PROJECT, and KETTLE RANGE CONSERVATION GROUP;<br><br>*Plaintiffs*,<br><br>v.<br><br>U.S. FOREST SERVICE; GLENN CASAMASSA, Pacific Northwest Regional Forester, U.S. Forest Service; RODNEY SMOLDON, Forest Supervisor, Colville National Forest;<br><br>*Federal Defendants.* | Case No. 2:20-cv-00223-RMP<br><br>**ANSWER** |

Federal Defendants hereby respond to the allegations in Plaintiffs' Complaint for Declaratory and Injunctive Relief (Complaint), ECF No. 1, in the above-captioned action. The numbered paragraphs in this Answer correspond to the numbered paragraphs in the Amended Complaint.

## "INTRODUCTION"[1]

1. The allegations in the first and second sentences of this paragraph constitute conclusions of law to which no response is required. Federal Defendants deny the allegations in the third and fourth sentences of this paragraph. The allegations in the fifth sentence of this paragraph purport to characterize the revised Land and Resource Management Plan (2019 Forest Plan)

---

[1] The headings here correspond to the headings in the Complaint. Federal Defendants include them strictly to provide convenient reference to the Complaint and do not intend them to form any substantive part of Federal Defendants' Answer. To the extent the Complaint headings make substantive allegations, Federal Defendants deny those allegations.

FEDERAL DEFENDANTS' ANSWER   2

for the Colville National Forest, which speaks for itself and is the best evidence of its content. The allegations in the sixth sentence of this paragraph regarding "rejected calls," "annual grazing instructions," "those portions," "concentrated," and "past several years," are too vague and ambiguous to permit Federal Defendants to frame a response, and are denied on that basis. The allegations in the seventh sentence of this paragraph regarding "status quo grazing practices," "sat idly by," "at the behest of," and "rugged, heavily-treed portions of the National Forest," are too vague and ambiguous to permit Federal Defendants to frame a response, and are denied on that basis.

2.    Federal Defendants deny the allegations in the first and second sentences of this paragraph because they lack sufficient knowledge or information to form a belief as to the truth of the allegations. The allegations in the third sentence of this paragraph regarding "other nearby ranchers," "steadfastly refuses," and "commonsense measures," are too vague and ambiguous to permit Federal Defendants to frame a response, and are denied on that basis. The allegations in the first clause of the fourth sentence of this paragraph are too vague and ambiguous to permit Federal Defendants to frame a response, and are denied on that basis. The allegations in the second clause of the fourth sentence of this paragraph purport to characterize the relevant grazing permits, which speak for themselves and are the best evidence of their content. To the extent a response is required, Federal Defendants deny the allegations in the second clause of the fourth sentence of this paragraph. The allegations in the fifth sentence of this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in the fifth sentence of this paragraph.

3.    Federal Defendants admit the allegations in the first sentence of this paragraph that the Colville National Forest is approximately 1.1 million acres in

size and is geographically considered part of the northern Rocky Mountains, with the Kettle River Range on the western half and the Selkirk Mountains on the east. The remaining allegations in the first sentence of this paragraph regarding "mostly comprised of densely forested rugged terrain" and "prime habitat for native carnivores" are too vague and ambiguous to permit Federal Defendants to frame a response, and are denied on that basis. The allegations in the second sentence of this paragraph regarding "widely grazed" are too vague and ambiguous to permit Federal Defendants to frame a response, and are denied on that basis. Federal Defendants admit the allegations in the third sentence of this paragraph. The allegations in the fourth sentence of this paragraph purport to characterize the 2019 Forest Plan, Allotment Management Plans (AMPs), and "annual grazing authorizations," which speak for themselves and are the best evidence of their content.

4.    The allegations in this paragraph constitute Plaintiffs' characterization of this case to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in this paragraph.

5.    The allegations in this paragraph constitute Plaintiffs' characterization of this case to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in this paragraph.

6.    The allegations in the first sentence of this paragraph regarding "2020 annual grazing instructions" are too vague and ambiguous to permit Federal Defendants to frame a response, and are denied on that basis. The allegations in the second sentence of this paragraph regarding "2020 grazing authorizations" are too vague and ambiguous to permit Federal Defendants to frame a response, and are denied on that basis. Further, the allegations in the second sentence of this paragraph purport to characterize the 2019 Forest Plan, which speaks for itself and is the best evidence of its content.

FEDERAL DEFENDANTS' ANSWER   4

7.      The allegations in this paragraph constitute Plaintiffs' characterization of this case to which no response is required.  To the extent a response is required, Federal Defendants admit that the Canada lynx and grizzly bear are listed as "threatened" species under the Endangered Species Act (ESA) and deny the remaining allegations in this paragraph.

8.      The allegations in this paragraph constitute Plaintiffs' characterization of this case to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations in this paragraph.

**"JURISDICTION AND VENUE"**

9.      The allegations in this paragraph constitute conclusions of law to which no response is required.

10.     The allegations in this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, Federal Defendants admit venue is proper in the Eastern District of Washington.

11.     The allegations in this paragraph constitute conclusions of law to which no response is required.

**"PARTIES"**

12.     Federal Defendants deny the allegations in this paragraph because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

13.     Federal Defendants deny the allegations in this paragraph because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

14.     Federal Defendants deny the allegations in this paragraph because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

FEDERAL DEFENDANTS' ANSWER   5

15.     Federal Defendants admit the allegations in the first clause of this paragraph.  The remaining allegations in this paragraph constitute conclusions of law to which no response is required.

16.     Federal Defendants admit the allegations in the first sentence of this paragraph.  Federal Defendants admit the allegations in the second sentence of this paragraph that Glen Casamassa signed the final Record of Decision (ROD) for the 2019 Colville Forest Plan.  The remaining allegations in the second sentence of this paragraph contain Plaintiffs' characterization of the case to which no response is required.

17.     Federal Defendants admit the allegations in the first and second sentences of this paragraph. The allegations in the third sentence of this paragraph contain Plaintiffs' characterization of the case to which no response is required.

18.     The allegations in this paragraph contain Plaintiffs' characterization of the Complaint to which no response is required.

19.     The allegations in the first sentence of this paragraph contain Plaintiffs' characterization of the case to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations in the first sentence of this paragraph because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.  Federal Defendants deny the allegations in the second, third, and fourth sentences of this paragraph because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.  The allegations in the fifth sentence of this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations in the fifth sentence of this paragraph.

20.     Federal Defendants deny the allegations in the first three sentences of this paragraph because they lack sufficient knowledge or information to form a

FEDERAL DEFENDANTS' ANSWER   6

belief as to the truth of the allegations. The allegations in the fourth and fifth sentences of this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in the fourth and fifth sentences of this paragraph.

## "LEGAL BACKGROUND"

### "National Forest Management Act and Livestock Grazing"

21.    The allegations in this paragraph constitute conclusions of law to which no response is required.

22.    The allegations in this paragraph constitute conclusions of law to which no response is required.

23.    The allegations in this paragraph constitute conclusions of law to which no response is required.

24.    Federal Defendants admit the allegations in the first sentence of this paragraph that the Forest Service adopted the 2019 Forest Plan on October 21, 2019, to replace a Forest Plan adopted in 1988. Federal Defendants deny the allegations in the first sentence of this paragraph that the 2019 Forest Plan is "the governing Forest Plan," and aver that some site-specific actions, including some grazing permits, that were authorized under the 1988 Forest Plan continue to be implemented under the 1988 Forest Plan. Federal Defendants admit the allegations in the second and third sentences of this paragraph, including footnote 1.

25.    The allegations in this paragraph constitute conclusions of law to which no response is required. The allegations in the first sentence of footnote 2 purport to characterize the Forest Service Manual, which speaks for itself and is the best evidence of its content. Federal Defendants admit the allegations in the second sentence of footnote 2.

FEDERAL DEFENDANTS' ANSWER   7

26.    The allegations in this paragraph constitute conclusions of law to which no response is required.

27.    The allegations in this paragraph, including footnote 3, constitute conclusions of law to which no response is required.

28.    The allegations in this paragraph constitute conclusions of law to which no response is required.

29.    The allegations in this paragraph, including footnote 4, constitute conclusions of law to which no response is required.

30.    The allegations in this paragraph constitute conclusions of law to which no response is required.

31.    The allegations in this paragraph constitute conclusions of law to which no response is required.

32.    The allegations in this paragraph constitute conclusions of law to which no response is required.

33.    The allegations in this paragraph constitute conclusions of law to which no response is required.

34.    The allegations in the first three sentences of this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations in the first three sentences of this paragraph and aver that annual operating plans or annual operating instructions are not required by law or regulation.  The allegations in the fourth sentence of this paragraph purport to characterize the environmental analysis for the revised Colville Forest Plan, which speaks for itself and is the best evidence of its content.

**"National Environmental Policy Act and Livestock Grazing"**

35.    The allegations in this paragraph constitute conclusions of law to which no response is required.

36.    The allegations in this paragraph constitute conclusions of law to which no response is required.

37.    The allegations in this paragraph constitute conclusions of law to which no response is required.

38.    The allegations in this paragraph constitute conclusions of law to which no response is required.

39.    The allegations in this paragraph constitute conclusions of law to which no response is required.

40.    The allegations in this paragraph constitute conclusions of law to which no response is required.

41.    The allegations in this paragraph constitute conclusions of law to which no response is required.

**"Endangered Species Act"**

42.    The allegations in this paragraph constitute conclusions of law to which no response is required.

43.    The allegations in this paragraph constitute conclusions of law to which no response is required.

44.    The allegations in this paragraph constitute conclusions of law to which no response is required.

45.    The allegations in this paragraph constitute conclusions of law to which no response is required.

46.    The allegations in this paragraph constitute conclusions of law to which no response is required.

**"FACTUAL BACKGROUND"**

**"Gray Wolves Return to Washington"**

47.    Federal Defendants admit the allegations in this paragraph.

FEDERAL DEFENDANTS' ANSWER   9

48.    The allegations in the first sentence of this paragraph regarding "very few wolves" are too vague and ambiguous to permit Federal Defendants to frame a response, and are denied on that basis.  Federal Defendants admit the allegations in the second sentence of this paragraph.  The allegations in the third sentence of this paragraph constitute conclusions of law to which no response is required.

49.    Federal Defendants admit the allegations in this paragraph.

50.    Federal Defendants admit the allegations in this paragraph.

51.    Federal Defendants admit the allegations in this paragraph.

52.    To the extent the allegations in this paragraph and the first sentence of footnote 5 purport to characterize the annual wolf report from the Washington Department of Fish and Wildlife (WDFW), that report speaks for itself and is the best evidence of its content.  To the extent a response is required, Federal Defendants deny the allegations because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.  The allegations in the second sentence of footnote 5 purport to characterize the Wolf Conservation and Management Plan (WA wolf plan), which speaks for itself and is the best evidence of its content.  Federal Defendants admit the allegations in the third sentence of footnote 5 that the Confederated Tribes of the Colville Reservation borders the Colville National Forest to the south.  Federal Defendants deny the remaining allegations in the third sentence of footnote 5 because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

53.    Federal Defendants admit the allegations in this paragraph.

**"Wolf Conservation and Management in Washington"**

54.    The allegations in this paragraph purport to characterize the U.S. Fish and Wildlife Service's (FWS) 2007 proposed rule to delist the gray wolf in

the northern Rocky Mountains, 72 Fed. Reg. 36,939 (July 6, 2007), which speaks for itself and is the best evidence of its content.

55.     The allegations in the first sentence of this paragraph purport to characterize unidentified court orders and a 2011 Appropriations Act rider, which speak for themselves and are the best evidence of their content.  The allegations in the second sentence of this paragraph purport to characterize the 2011 Appropriations Act rider, which speaks for itself and is the best evidence of its content.  Federal Defendants admit the allegations in the third sentence of this paragraph.  The allegations in the first sentence of footnote 6 constitute conclusions of law to which no response is required.  The allegations in the second sentence of footnote 6 purport to characterize 84 Fed. Reg. 9,451, 9,648 (Mar. 15, 2019), which speaks for itself and is the best evidence of its content. The allegations in the third sentence of footnote 6 constitute conclusions of law to which no response is required.

56.     The allegations in this paragraph constitute conclusions of law to which no response is required.

57.     Federal Defendants deny the allegations in the first sentence of this paragraph that the WDFW began developing the WA wolf plan in 2007 because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.  Federal Defendants admit the remaining allegations in the first sentence of this paragraph.  Federal Defendants admit the allegations in the second sentence of this paragraph.

58.     The allegations in this paragraph purport to characterize the WA wolf plan, which speaks for itself and is the best evidence of its content.

59.     The allegations in this paragraph purport to characterize the WA wolf plan, which speaks for itself and is the best evidence of its content.

FEDERAL DEFENDANTS' ANSWER   11

60.     The allegations in this paragraph purport to characterize WDFW's annual wolf reports, which speak for themselves and are the best evidence of their content.

61.     The allegations in the first two clauses of the first sentence of this paragraph purport to characterize state legal proceedings, which speak for themselves and are the best evidence of their content.  Federal Defendants admit the allegations in the third clause of the first sentence of this paragraph that the Forest Service authorizes grazing on federal public lands.  Federal Defendants deny the remaining allegations in the third clause of the first sentence of this paragraph.  Federal Defendants deny the allegations in the second sentence of this paragraph because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

### "The Colville National Forest and Livestock Grazing"

62.     Federal Defendants admit the allegations in this paragraph except for the allegations in footnote 7.  Federal Defendants deny the allegations in footnote 7 because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

63.     The allegations in the first sentence of this paragraph regarding "diverse array" are too vague and ambiguous to permit Federal Defendants to frame a response, and are denied on that basis.  Federal Defendants aver that wildlife and plants inhabit the Colville National Forest including some wildlife that are listed under the ESA and some wildlife and plants that are identified as sensitive species by the Forest Service.  Federal Defendants deny the allegation in the second sentence of this paragraph that the wolverine is a "candidate" for federal listing and aver that the wolverine is proposed to be listed as threatened.  Federal Defendants admit the remaining allegations in the second sentence of this paragraph.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

64.    Federal Defendants admit the allegations in this paragraph.

65.    Federal Defendants admit the allegations in this paragraph.

66.    The allegations in this paragraph regarding "source of conflicts," "dramatically alter," "ecological communities," "harming," "multitude," and "degrading," are too vague and ambiguous to permit Federal Defendants to frame a response, and are denied on that basis.

**"The Colville's Forest Plan Revision"**

67.    Federal Defendants admit the allegations in the first sentence of this paragraph.  Federal Defendants admit the allegations in the second sentence of this paragraph that the Forest Service began the public scoping process for revising the 1988 Forest Plan in 2004.  Federal Defendants deny the remaining allegations in the second sentence of this paragraph.  Federal Defendants admit the allegations in the third sentence of this paragraph that the Forest Service released a draft environmental impact statement (DEIS) for the proposed revised Forest Plan in January 2016.  The remaining allegations in the third sentence of this paragraph purport to characterize the DEIS, which speaks for itself and is the best evidence of its content.

68.    Federal Defendants admit the allegations in this paragraph that Plaintiffs submitted comments on the DEIS.  The remaining allegations in this paragraph purport to characterize those comments, which speak for themselves and are the best evidence of their content.

69.    Federal Defendants admit the allegations in this paragraph, and aver that the Forest Service issued a revised version of the final environmental impact statement (FEIS) in September 2019.

70.    The allegations in this paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its content.  The allegations in this paragraph further constitute conclusions of law to which no response is

FEDERAL DEFENDANTS' ANSWER   13

required.  To the extent a response is required, Federal Defendants deny the allegations in this paragraph.

71.    Federal Defendants admit the allegations in this paragraph that Plaintiffs filed objections to the FEIS and draft ROD.  The remaining allegations in this paragraph constitute conclusions of law to which no response is required.

72.    The allegations in this paragraph purport to characterize objections to the FEIS and draft ROD, which speak for themselves and are the best evidence of their content.

73.    The allegations in this paragraph and footnote 8 purport to characterize certain cited references, which speak for themselves and are the best evidence of their content.

74.    The allegations in this paragraph purport to characterize the 1988 Colville Forest Plan and the 2019 Forest Plan, which speak for themselves and are the best evidence of their content.

75.    The allegations in the first sentence of this paragraph purport to characterize objections to the FEIS and draft ROD, which speak for themselves and are the best evidence of their content.  The allegations in the second sentence of this paragraph and the four accompanying bullet points purport to characterize proposed revised Forest Plans for the Wallowa-Whitman, Umatilla, and Malheur National Forests, which speak for themselves and are the best evidence of their content.  Federal Defendants admit the allegations in footnote 9.

76.    The allegations in this paragraph purport to characterize the FEIS, which speaks for itself and is the best evidence of its content.

77.    The allegations in this paragraph purport to characterize the ROD, which speaks for itself and is the best evidence of its content.

**"Diamond M's Cattle Grazing on the Colville and its Highly Disproportionate Rate of Conflict with Gray Wolves"**

78.    Federal Defendants admit the allegations in this paragraph that the Forest Service has issued permits to the Diamond M Ranch, a partnership of the McIrvin family, to graze cattle on the Colville National Forest for the past 75 years.  Federal Defendants deny the remaining allegations in this paragraph because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

79.    Federal Defendants admit the allegations in this paragraph that the Forest Service issued a permit to the Diamond M Ranch to graze cattle on the Churchill, Lambert, C.C. Mountain, Hope Mountain, and Copper-Mires allotments in 2013.  The remaining allegations in this paragraph purport to characterize the permit, which speaks for itself and is the best evidence of its content.

80.    The allegations in this paragraph are too vague and ambiguous to permit Federal Defendants to frame a response, and are denied on that basis.

81.    The allegations in this paragraph regarding "mounting, high-profile conflicts" and "resulted in numerous preventable wolf deaths," are too vague and ambiguous to permit Federal Defendants to frame a response, and are denied on that basis.

82.    Federal Defendants deny the allegations in this paragraph because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

83.    Federal Defendants deny the allegations in this paragraph because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

84.    Federal Defendants deny the allegations in this paragraph, including footnote 10, because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

85.    Federal Defendants deny the allegations in this paragraph because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

86.    Federal Defendants admit the allegations in the first sentence of this paragraph that three cattle were found on the Lambert allotment in January 2019. The allegations in the first sentence of this paragraph that the cattle were left "unlawfully" is a conclusion of law to which no response is required.  The allegations in the first sentence of this paragraph that the cattle were left on the allotment "beyond the season of use dates authorized in [Diamond M's] federal grazing permit," purport to characterize that permit, which speaks for itself and is the best evidence of its content.  Federal Defendants deny the remaining allegations in the first sentence of this paragraph because they lack sufficient knowledge or information to form a belief as to the truth of the allegations. Federal Defendants deny the allegations in the second sentence of this paragraph because they lack sufficient knowledge or information to form a belief as to the truth of the allegations

87.    Federal Defendants deny the allegations in this paragraph because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

88.    Federal Defendants deny the allegations in this paragraph because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

89.    Federal Defendants deny the allegations in this paragraph because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

90.     Federal Defendants deny the allegations in this paragraph because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

91.     Federal Defendants deny the allegations in this paragraph because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

92.     Federal Defendants deny the allegations in this paragraph because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

93.     The allegations in this paragraph purport to characterize WDFW's 2016 predation reports, which speak for themselves and are the best evidence of their content.

94.     The allegations in the first clause of the first sentence of this paragraph purport to characterize WDFW's 2016 predation reports, which speak for themselves and are the best evidence of their content.  Federal Defendants deny the allegations in the second clause of the first sentence of this paragraph. The allegations in the second sentence of this paragraph are too vague and ambiguous to permit Federal Defendants to frame a response, and are denied on that basis.

95.     Federal Defendants deny the allegations in this paragraph because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

96.     The allegations in this paragraph purport to characterize the WA wolf plan, which speaks for itself and is the best evidence of its content.

97.     The allegations in the parenthetical to the first sentence of this paragraph and the accompanying footnote 11 purport to characterize a report from the U.S. Department of Agriculture, which speaks for itself and is the best

evidence of its content. Federal Defendants deny the remaining allegations in the first sentence of this paragraph because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.  The allegations in the second sentence of this paragraph purport to characterize data gathered for two studies by Washington State University (WSU), which speaks for itself and is the best evidence of its content.  Federal Defendants deny the allegations in footnote 12 because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.  The allegations in the third sentence of this paragraph, including footnote 13, purport to characterize a 2016 WSU study, which speaks for itself and is the best evidence of its content.  The allegations in the fourth and fifth sentences of this paragraph, including footnote 14, purport to characterize a 2017 WSU study, which speaks for itself and is the best evidence of its content.

98.    Federal Defendants deny the allegations in the first sentence of this paragraph because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.  The allegations in the second sentence of this paragraph purport to characterize a map, which speaks for itself and is the best evidence of its content.

99.    The allegations in the first sentence of this paragraph are too vague and ambiguous to permit Federal Defendants to frame a response, and are denied on that basis.  Federal Defendants deny the allegations in the second sentence of this paragraph because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.  The allegations in the third sentence of this paragraph, including footnote 15, purport to characterize a newspaper article, which speaks for itself and is the best evidence of its content.

**"The Forest Service's Failure to Responsibly Manage Livestock Grazing on the Colville"**

FEDERAL DEFENDANTS' ANSWER   18

100.    The allegations in this paragraph constitute conclusions of law to which no response is required.

101.    The allegations in this paragraph purport to characterize unidentified communications with the Forest Service, which speak for themselves and are the best evidence of their content.

102.    The allegations in this paragraph purport to characterize a communication from Washington Governor Jay Inslee to WDFW, which speaks for itself and is the best evidence of its content.

103.    The allegations in this paragraph regarding "ignoring," "public outcry," "problematic cattle grazing," and "will likely end" are too vague and ambiguous to permit Federal Defendants to frame a response, and are denied on that basis.

104.    Federal Defendants admit the allegations in the first sentence of this paragraph and aver that any adjustments to time, intensity, duration, and location of annual grazing must be consistent with the operative grazing permit and allotment management plan.  The allegations in the second sentence of this paragraph regarding "authorizes," "repeatedly concentrate," "known core wolf areas," "active wolf rendezvous sites," and "nearby dens," are too vague and ambiguous to permit Federal Defendants to frame a response, and are denied on that basis.  Federal Defendants deny the allegations in the third and fourth sentences of this paragraph.  The allegations in the fifth sentence of this paragraph regarding "sat idly by," "predations piled up," "demands for dead wolves," "swiftly met," and "series of lethal control actions" are too vague and ambiguous to permit Federal Defendants to frame a response, and are denied on that basis.

105.    Federal Defendants deny the allegations in the first sentence of this paragraph.  Federal Defendants admit the allegations in the first clause of the

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

second sentence of this paragraph and aver that any adjustments to time and location of annual grazing must be consistent with the operative grazing permit and allotment management plan.  The allegations in the second clause of the second sentence of this paragraph regarding "core wolf areas," are too vague and ambiguous to permit Federal Defendants to frame a response, and are denied on that basis.  Federal Defendants admit the allegations in the third clause of the second sentence of this paragraph that "the Forest Service can also modify the class of livestock permitted to graze federal allotments," but aver that such a modification must either be requested by the permittee or proposed and authorized through the NEPA process, after which the permittee would have an opportunity to appeal any modifications.  The allegations in the third sentence of this paragraph purport to characterize Diamond M's grazing permits, which speak for themselves and are the best evidence of their content.  Federal Defendants deny the allegations in the fourth sentence of this paragraph.

106.   The allegations in the first sentence of this paragraph are vague and ambiguous and therefore Federal Defendants deny them because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.  In addition, to the extent the allegations in the first sentence of this paragraph constitute conclusions of law, no response is required.  The allegations in the second sentence of this paragraph purport to characterize Diamond M's grazing permits, which speak for themselves and are the best evidence of their content.

107.   The allegations in the first sentence of this paragraph regarding "corrective action," "repeated failure," and "timely move" are too vague and ambiguous to permit Federal Defendants to frame a response, and are denied on that basis.  Federal Defendants deny the allegations in the second sentence of this paragraph because they lack sufficient knowledge or information to form a belief

as to the truth of the allegations.  The allegations in the third sentence of this paragraph regarding "the permitted season of use dates for each of the five allotments, which all expire between September 30 and October 31," purport to characterize the relevant grazing permits, which speak for themselves and are the best evidence of their content.  The remaining allegations in the third sentence of this paragraph are too vague and ambiguous to permit Federal Defendants to frame a response, and are denied on that basis.  The allegations in the fourth sentence of this paragraph constitute conclusions of law to which no response is required.  Federal Defendants deny the allegations in the fifth sentence of this paragraph.  The allegations in the sixth sentence of this paragraph purport to characterize a letter, which speaks for itself and is the best evidence of its content. Federal Defendants deny the allegations in the seventh sentence of this paragraph because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

### "The Forest Service's Outdated NEPA Analyses and AMPs for Diamond M's Grazing"

108.   The allegations in this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations in this paragraph.

109.   The allegations in this paragraph constitute conclusions of law to which no response is required.  Further, the allegations in this paragraph purport to characterize various allotment management plans, which speak for themselves and are the best evidence of their content.

110.   The allegations in this paragraph regarding "grazing authorizations" and "rely on" are too vague and ambiguous to permit Federal Defendants to frame a response, and are denied on that basis.  Federal Defendants aver that the documents identified in the bullet points to this paragraph remain in effect.

FEDERAL DEFENDANTS' ANSWER   21

111.    Federal Defendants deny the allegations in this paragraph.

112.    The allegations in this paragraph purport to characterize a letter, which speaks for itself and is the best evidence of its content.

113.    The allegations in the first four sentences of this paragraph purport to characterize a letter, which speaks for itself and is the best evidence of its content. Federal Defendants deny the allegations in the fifth sentence of this paragraph because they lack sufficient knowledge or information to form a belief as to the truth of the allegations.

114.    Federal Defendants admit the allegations in this paragraph that "the Forest Service has not responded to Plaintiffs' letter or issued any public notice indicating it would prepare supplemental NEPA analyses." The remaining allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, Federal Defendants deny the remaining allegations in this paragraph.

### "Potential Impacts to ESA-Listed Species and Their Habitats from Diamond M's Grazing"

115.    The allegations in the first sentence of this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in the first sentence. The allegations in the second and third sentences of this paragraph purport to characterize the Forest Service's Biological Assessment for the 2019 Forest Plan (FS BA) and/or FWS's Biological Opinion for the 2019 Forest Plan (FWS BO), which speak for themselves and are the best evidence of their content.

116.    Federal Defendants admit the allegation in the first sentence of this paragraph that portions of the Kettle-Wedge area overlap with Diamond M allotments. The remaining allegations in this paragraph purport to characterize the FWS BO and/or the Interagency Lynx Biology Team's 2013 Canada Lynx

FEDERAL DEFENDANTS' ANSWER   22

Conservation Assessment and Strategy, 3rd edition, which speak for themselves and are the best evidence of their content.

117.   The allegations in the first sentence of this paragraph regarding "adjacent lands" without a reference point and "may be present" are too vague and ambiguous to permit Federal Defendants to frame a response, and are denied on that basis.  The allegations in the second sentence of this paragraph purport to characterize the Forest Service's August 11, 2006 Biological Evaluation for the Big Border Cluster Grazing Allotments, which speaks for itself and is the best evidence of its content.

118.   Federal Defendants admit the allegation in the first sentence of this paragraph that the whitebark pine is a candidate species for federal listing. Federal Defendants admit the allegation in the first sentence of this paragraph that the whitebark pine is present on the Diamond M allotments.  The remaining allegations in this paragraph purport to characterize the FEIS and/or the Forest Service's 2002 Fire Effects Information System Species Review for the Pinus albicaulis (whitebark pine), which speak for themselves and are the best evidence of their content.

119.   The allegations in the first sentence of this paragraph regarding Plaintiffs' "information and belief" about Biological Assessments prepared by the Forest Service "since at least 2000" are too vague and ambiguous to permit Federal Defendants to frame a response, and are denied on that basis.  Federal Defendants admit the allegation in the second sentence of this paragraph that they received a letter dated April 1, 2020 from Plaintiffs WildEarth Guardians and Western Watersheds Project.  The remaining allegations in the second sentence regarding Plaintiffs' characterization and/or legal effect of that letter constitute conclusions of law to which no response is required.  To the extent a response is

required, Federal Defendants deny the remaining allegations in the second sentence.

## "FIRST CLAIM FOR RELIEF"

## "VIOLATIONS OF THE NATIONAL ENVIRONMENTAL POLICY ACT"

## "(Failure to Address Impacts to Wolves Under the New Colville Forest Plan and to Evaluate Reasonable Grazing Management Alternatives that Reduce Wolf-Livestock Conflicts)"

120.    Federal Defendants restate and incorporate by reference their response to all preceding paragraphs.

121.    The allegations in this paragraph and its subparagraphs A through E constitute conclusions of law to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations in this paragraph. Further, to the extent the allegations in this paragraph purport to characterize the FEIS, that document speaks for itself and is the best evidence of its content.

122.    The allegations in this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations in this paragraph.

123.    The allegations in this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations in this paragraph.

## "SECOND CLAIM FOR RELIEF"

## "VIOLATIONS OF THE NATIONAL ENVIRONMENTAL POLICY ACT"

## "(Failure to Prepare Supplemental NEPA Analyses for the Diamond M Allotment Management Plans)"

124.    Federal Defendants restate and incorporate by reference their response to all preceding paragraphs.

FEDERAL DEFENDANTS' ANSWER   24

125.   The allegations in this paragraph constitute conclusions of law to which no response is required.

126.   The allegations in this paragraph constitute conclusions of law to which no response is required.

127.   The allegations in this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations in this paragraph.

128.   The allegations in the first sentence of this paragraph regarding "relies on" and "continue authorizing grazing" are too vague and ambiguous to permit Federal Defendants to frame a response, and are denied on that basis.  The allegations in the second sentence of this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations in the second sentence of this paragraph.

129.   The allegations in this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations in this paragraph.

## "THIRD CLAIM FOR RELIEF"
## "VIOLATIONS OF THE NATIONAL FOREST MANAGEMENT ACT"
### "(Revised Colville Forest Plan Fails to Meet NFMA's Requirements)"

130.   Federal Defendants restate and incorporate by reference their response to all preceding paragraphs.

131.   The allegations in this paragraph constitute conclusions of law to which no response is required.

132.   The allegations in this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations in this paragraph.

FEDERAL DEFENDANTS' ANSWER   25

133.   The allegations in the first sentence of this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations in the first sentence of this paragraph.  Federal Defendants deny the allegations in the second sentence of this paragraph.

134.   The allegations in this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations in this paragraph.

<h2 style="text-align:center">"FOURTH CLAIM FOR RELIEF"</h2>

<h2 style="text-align:center">"VIOLATIONS OF THE NATIONAL FOREST MANAGEMENT ACT"</h2>

<h2 style="text-align:center">"(Diamond M's Grazing Authorizations are Inconsistent with Forest Plan Direction)"</h2>

135.   Federal Defendants restate and incorporate by reference their response to all preceding paragraphs.

136.   The allegations in this paragraph constitute conclusions of law to which no response is required.

137.   The allegations in this paragraph purport to characterize the revised Colville Forest Plan, which speaks for itself and is the best evidence of its content.

138.   The allegations in the first sentence of this paragraph purport to characterize the revised Colville Forest Plan, which speaks for itself and is the best evidence of its content.  Federal Defendants deny the allegations in the second sentence of this paragraph.

139.   The allegations in this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations in this paragraph.

140.   The allegations in this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations in this paragraph.

### "FIFTH CLAIM FOR RELIEF"
### "VIOLATIONS OF THE ENDANGERED SPECIES ACT"
### "(Failure to Consult over the Impacts of Diamond M's Grazing)"

141.   Federal Defendants restate and incorporate by reference their response to all preceding paragraphs.

142.   The allegations in this paragraph constitute conclusions of law to which no response is required.

143.   The allegations in the first sentence of this paragraph regarding "[a]t least since 2000" and "species such as" are too vague and ambiguous to permit Federal Defendants to frame a response, and are denied on that basis.  The allegations in the second sentence of this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations in the second sentence of this paragraph.

144.   The allegations in this paragraph constitute conclusions of law to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations in this paragraph.

145.   The allegations in this paragraph constitute conclusions of law to which no response is required.

### "REQUEST FOR RELIEF"

The remaining paragraphs of Plaintiffs' Complaint, denominated A-I constitute Plaintiffs' request for relief to which no response is required.  To the extent a further response may be required, Federal Defendants deny that Plaintiffs are entitled to the relief requested or any relief whatsoever.

### GENERAL DENIAL

Federal Defendants deny each and every allegation of the Complaint not otherwise expressly admitted, qualified, or denied herein.  In addition, Federal Defendants hereby expressly reserve the right to plead any affirmative defenses, jurisdictional or justiciability bars to Plaintiffs' claims, or any applicable state or federal statutes that it may determine apply to this case as litigation of such claims proceeds.

WHEREFORE, Federal Defendants request that the Court dismiss the Complaint in its entirety, render judgment for Federal Defendants and against Plaintiffs, and grant Federal Defendants any further relief that the nature of the case and justice require.

Respectfully submitted this 21st day of August, 2020.

*/s/ Emma L. Hamilton*
EMMA L. HAMILTON
Trial Attorney
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044-7611
Tele: (202) 305-0479
emma.hamilton@usdoj.gov

SHAUN M. PETTIGREW
Trial Attorney
Natural Resources Section
c/o NOAA, Damage Assessment
7600 Sand Point Way, NE
Seattle, WA 98115
Phone: (206) 526-6881
shaun.pettigrew@usdoj.gov

MICHELLE M. SPATZ
Trial Attorney

FEDERAL DEFENDANTS' ANSWER   28

Wildlife and Marine Resources Section
P.O. Box 7611, Ben Franklin Station
Washington, D.C. 20044-7611
Phone: (202) 598-9741
michelle.spatz@usdoj.gov

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 21, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system.


*/s/ Emma L. Hamilton*
EMMA L. HAMILTON
U.S. Department of Justice

FEDERAL DEFENDANTS' ANSWER   30