Jennifer R. Schwartz (WSBA #38388)
WILDEARTH GUARDIANS
P.O. Box 13086
Portland, OR 97213
Tel: (503) 780-8281
jschwartz@wildearthguardians.org

Talasi B. Brooks (ISB #9712) (admitted *pro hac vice*)
WESTERN WATERSHEDS PROJECT
P.O. Box 2863
Boise ID 83701
Tel: (208) 336-9077
tbrooks@westernwatersheds.org

Lauren M. Rule (OSB #015174) (admitted *pro hac vice*)
ADVOCATES FOR THE WEST
3701 SE Milwaukie Ave., Suite B
Portland, OR 97202
Tel: (503) 914-6388
lrule@advocateswest.org

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WILDEARTH GUARDIANS, WESTERN WATERSHEDS PROJECT, and KETTLE RANGE CONSERVATION GROUP,<br><br>　　Plaintiffs,<br><br>　　v.<br><br>GLENN CASAMASSA, Pacific Northwest Regional Forester, U.S. FOREST SERVICE; RODNEY SMOLDON, Forest Supervisor, Colville National Forest, and U.S. FOREST SERVICE, | Case Number: 2:20-cv-00223-RMP<br><br>**PLAINTIFFS' MOTION TO STRIKE FEDERAL DEFENDANTS' AND DEFENDANT-INTERVENOR'S EXTRA-RECORD DECLARATIONS AND EXHIBITS** |

|   |   |
|---|---|
| Defendants, | ) |
|  | ) |
| and | ) |
|  | ) |
| Diamond M Ranch, a Washington General Partnership, | ) |
|  | ) |
| Defendant-Intervenor. | ) |

With their memoranda opposing Plaintiffs' Motion for Summary Judgment, both Federal-Defendants and Defendant-Intervenor Diamond M Ranch ("Diamond M") submit extra-record declarations and materials, without moving for the Court to consider this extra-record evidence or explaining why the materials fall within an exception to the record rule. Diamond M submits two Declarations "in Opposition to Plaintiffs' Motion for Summary Judgment," which primarily consist of impermissible legal argument and false factual assertions purporting to rebut Plaintiffs' summary judgment brief, standing declarations, and the expert declaration of Carter Niemeyer. (ECF Nos. 35-1, 35-2). Federal-Defendants attach to their summary judgment memorandum the Declaration of Roberto Manuel Garcia, which primarily advances characterizations of the attached "Exhibit A," (ECF No. 37-1), a copy of a more recent version of the Washington Department of Fish and Wildlife's (WDFW) wolf-livestock interaction protocol than the one already included in the administrative record. Plaintiffs move the Court to strike these improper Declarations and Exhibit.

**ARGUMENT**

As Federal-Defendants acknowledge in their Opposition to Plaintiffs' Motion to Consider Extra-Record Evidence, (ECF No. 36), judicial review under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2), is typically limited to the administrative record, unless "the party seeking to admit extra-record evidence…demonstra[tes] that a relevant exception applies." *See* Defs' Opp. to Mot. for Extra-Record Evidence ("Defs'

Opp.") at 6 (quoting *San Luis & Delta-Mendota Water Auth. v. Locke*, 776 F.3d 971, 992-93 (9th Cir. 2014)). Indeed, Federal-Defendants contend that even a claim for failure to act under the APA section 706(1) for which no administrative record exists is bound by the administrative record and the proponent for evidence to support such a claim must show it falls within one of the exceptions to the "record rule." *See* Defs' Opp. at 4.

Nevertheless, Federal-Defendants and Diamond M submit for the Court's consideration extra-record Declarations and Exhibits without moving for the Court to consider these materials or establishing that they fall within an exception to the record rule.[1] Because Federal-Defendants and Diamond M have not met their burden of establishing an exception to the record rule applies, and the failure to move for their admission prejudices Plaintiffs, this Court should strike the improper Declarations and Exhibits. *See Animal Defense Council v. Hodel*, 840 F.2d 1432, 1437 (9th Cir. 1988) (refusing to allow discovery and extra-record evidence where proponent "made no showing that the district court needed to go outside the administrative record.")

In any event, the Declarations and attachments introduced by Federal-Defendants and Diamond M are not proper for the Court to consider. The highly-argumentative extra-record Declarations "in Opposition to Plaintiffs' Motion for Summary Judgment" submitted by Diamond M—totaling 32 pages, in addition to Diamond M's 12-page summary judgment brief—attempt an end-run around the page limits established by this Court's Order of January 20, 2021 (ECF No. 28).  Thus, they add "further briefing" beyond the page limit and should be stricken. *King County v. Rasmussen*, 299 F.3d 1077, 1082 (9th Cir. 2002) ("Declarations, which are supposed to set forth facts as would be admissible in evidence, should not be used to make an end-run around the page limitations of Rule 7 by including legal arguments outside of the briefs.") (internal

---

[1] Plaintiffs are prejudiced by Federal-Defendants' and Diamond M's failure to properly move to introduce the materials because it has denied them an opportunity to respond to any purported justifications for the court to consider those materials.

quotation omitted); *see also Sierra Club v. BNSF Railway Co.*, 276 F. Supp. 3d 1067, 1071 (W.D. Wash. 2017) (granting motion to strike declarations "to the extent the declarations contain legal arguments in an attempt to circumvent the reply brief page limits.")

While "couched in factual assertions," these Declarations "contain[] significant argument" claiming Plaintiffs' assertions and evidence are erroneous that "goes beyond what is appropriate for a declaration." *Moussouris v. Microsoft Corp.*, No. C15-1483JLR, 2018 WL 3328418, at *10 (W.D. Wash. June 25, 2018). For instance, the Declaration of Diamond M Ranch contains extensive opinion claiming that the Colville National Forest is suitable for grazing, alleging that "the Forest Plan is not the proper venue to make changes in Allotment Management Plans," and making purported factual assertions about the Forest Service's grazing management. *See, e.g.,* Diamond M Decl. at 12-17, 21-23. Diamond M also presents two and a half pages of single-spaced block quotes from a third-party purporting to attack the estimate from WDFW's 2011 wolf plan at AR015366, that up to 5,000 wolves once inhabited Washington before Euro-American settlement. *See* Diamond M Decl. at 18-27. These statements are not only contrary to the actual record evidence in this case, but they constitute inadmissible hearsay, and still further impermissibly extend the pages for Diamond M's briefing. *See* Fed. R. Civ. P. 56(c)(2), (4) (party may object to fact unsupported by admissible evidence, declaration must be made on personal knowledge); Fed. R. Evid. 801(c)(2), 802 (hearsay prohibited).[2] Indeed, the Diamond M Declaration includes two pages of argument purporting to directly rebut Plaintiffs' summary judgement brief. Diamond M Decl. at 23-25. No authority allows a party to attack a motion for summary judgment, or present opinion

---

[2] Had this been presented in briefing, Washington courts, including this Court, have objected to the use of single-spaced text to avoid page limits in this way. *See Douglass v. Bank of Am. Corp.*, No. CV-12-0609-JLQ, 2013 WL 2245092, at *1 (E.D. Wash. 2013) ("[S]ingle-spaced footnotes… may not be used to avoid Local Rule page limits.")

opposing standing declarations, through extra-record declarations and the attempt of Diamond M Ranch to do so through this Declaration is highly improper. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 563 (1992) (recognizing environmental plaintiffs are entitled to establish standing through affidavits); *see also* Fed. R. Civ. P. 56(h) (Court may order submitting party to pay other party's attorney's fees incurred in responding to bad faith declaration). Further, these materials also make arguments addressing the wisdom of the agency's decision and a court may not consider even properly-admitted extra-record evidence for that improper purpose. *See Asarco v. U.S. Env'l Protection Agency*, 616 F.2d 1153, 1160-61 (9th Cir. 1980) (sustaining use of extra-record declarations to establish background information but striking extra-record declarations used for "judging the wisdom" of an agency decision).

      The Declaration of Jeffery D. Flood is equally improper because it is replete with demonstrably false factual assertions, which Plaintiffs dispute.[3] *See* Fed. R. Civ. P. 56(c). For instance, Mr. Flood claims that the Governor must approve all lethal removals, Flood Decl. 3, when evidence in the record shows the Governor has expressed concern about lethal wolf removals in northeast Washington. AR02141. He characterizes the Colville National Forest as providing "good mountain grazing" when the Forest Service's own grazing suitability analysis determined that only a small percentage of the Forest provides forage for domestic livestock with only 281,999 acres of the approximately 1.1 million-acre Colville National Forest (roughly 25%) considered "suitable" for cattle grazing. FP108811-822. Mr. Flood also claims that Diamond M is "always on schedule mandated by the Forest Service," Flood Decl. 5, when in fact Diamond M has admitted that

---

[3] Though Plaintiffs dispute the accuracy of many statements contained in the Diamond M and Flood Declarations, none are "material" to Plaintiffs' legal claims and thus do not interfere with the stipulated position of Plaintiffs and Federal-Defendants that this case is appropriate for resolution on summary judgment under Fed. R. Civ. P. 56 and LCivR 56. *See* Joint Rule 26(f) Report (ECF No. 13).

livestock remain on the allotment until "actively gather[ed] off" and has left cattle over winter that came into conflict with wolves. Diamond M Ans. ¶ 86; AR01862 (WDFW 2019 Annual Report describing the depredations of Diamond M's cattle that were left on the allotments well after the permitted season of use into winter and discovered in January 2019); Pls' Ex. 13 at 5-7. He asserts that range riders are diligently tending Diamond M's cows when Diamond M has declined WDFW range riders and WDFW depredation reports show that frequently wounded animals were not discovered for several days. *See* AR01865 (WDFW 2019 Annual Report stating: "WDFW-contracted range riders did not resume riding because the livestock producer prefers that contracted range riders not work with their cattle at this time."); Pls' Ex. 4; Pls' Ex. 5 at 4, 9, 11; Pls' Ex. 13 at 8, 11, 13. In light of the contrary evidence to Mr. Flood's sworn declaration, it fails the test for relevance under Fed. R. Evid. 401(a) and serves only to demonstrate the extent to which local political interests are improperly influencing Forest Service grazing management.

The Declaration and Exhibit offered by Federal-Defendants are also improper. An agency may not seek to explain its action in defending against an APA Section 706(2) challenge by relying on post-decision information and extra-record materials. *See Sw. Ctr. for Biological Diversity v. U.S. Forest Serv.*, 100 F.3d 1443, 1450-51 (9th Cir. 1996) (holding district court properly struck extra-record declaration with post-decision information in case concerning APA section 706(2) claim). Nor should a court admit documents that already appear in the administrative record: the Ninth Circuit has upheld the decision to strike such "cumulative and unnecessary documents." *Northcoast Env'l Ctr. v. Glickman*, 136 F.3d 660, 665 (9th Cir. 1998); *see also Sw. Ctr. for Biological Diversity*, 100 F.3d at 1451 (declining to consider evidence that provided information that could "extracted" from the record).

Here, the Garcia Declaration offered by Federal-Defendants purports to characterize WDFW's role in wolf management and "wolf-livestock interaction protocol." *See* Garcia Decl. ¶¶ 3-7. An earlier version of the protocol appears in the

administrative record at AR01880. Therefore, the Declaration and protocol are cumulative and unnecessary and should be stricken. Further, according to the agency's own certification, the agency did not consider either Mr. Garcia's declaration or the newer version of the protocol attached to Mr. Garcia's declaration in reaching its decision. *See* Declaration of Dori A. Abernathy ¶ 4 (ECF No. 20-1) ("[T]he materials listed in each index are the materials that were considered, either directly or indirectly, by the relevant Forest Service officials in connection with the associated agency action.") The court should not consider this post-decision information in assessing Plaintiffs' claims under the APA Section 706(2). *See Sw. Ctr. for Biological Diversity*, 100 F.3d at 1450-51.

## CONCLUSION

For these reasons, this Court should strike the Declarations and Exhibit that Federal-Defendants and Diamond M seek to introduce here.

DATED this 19th day of March 2021.         Respectfully submitted,

*/s/ Jennifer Schwartz*
Jennifer R. Schwartz

*Of Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on March 19, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of this filing to the attorneys of record.

Dated: March 19, 2021                    Respectfully submitted,

*/s/ Jennifer Schwartz*
Jennifer R. Schwartz